# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:18-CR-132-DBH |
| | ) | |
| DONALD ST. PIERRE, | ) | |
| DEFENDANT | ) | |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

On November 9, 2020, while the pandemic was intense, I sentenced this defendant to 43 months imprisonment. At the time, his lawyer highlighted the pandemic risks in support of his request for a low sentence, and the defendant himself told me of his concerns about COVID-19. In determining his sentence, I took into account the increased severity of incarceration in light of the pandemic.

On May 6, 2021, the defendant requested compassionate release (ECF No. 113). He has also requested a hearing "in a remote proceeding" on an expedited basis (ECF No. 123). He says that his projected release date is August 25, 2021, two months from now.

The government concedes that the defendant has exhausted his administrative remedies. But the government opposes his motion for compassionate release and tells me that the defendant received his first vaccination (the Moderna vaccine) on June 1, 2021, and is expected to receive his second dose late this month. (ECF No. 126). The defendant has not

contradicted those assertions. The government also opposes the request for a hearing.

I **DENY** the request for a hearing and the motion for compassionate release. The defendant and his counsel were before me via video about seven months ago on the issue of how much time he should serve, and he has not identified any change in his medical conditions since then.[1] He has adequately addressed the issue before me now in his briefs. The risks the defendant faces in prison are ameliorated by his vaccination and I find that the "extraordinary and compelling reasons" standard is not satisfied.[2]

Accordingly, both motions are **DENIED**.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JUNE, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent he is challenging his conditions of confinement, such a challenge belongs in the District where he is incarcerated.

[2] I do not consider myself bound by USSG § 1B1.13. See United States v. Long, 997 F.3d 342, 355 (D.C. Cir. 2021); United States v. Aruda, 993 F.3d 797, 801-02 (9th Cir. 2021); United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1050-51 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 281-84 (4th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108-11 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020). But see United States v. Bryant, 996 F.3d 1243, 1247-65 (11th Cir. 2021).